CUCULLU vs. *THE ORLEANS INSURANCE*
*COMPANY.*

EasternDis'ct
*May*, 1827.

Under a warranty against seizure for illicit trade, the insurers are not released from liability for illegal seizure and detention.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case, which is now before us, after a re-hearing, is the same in all its parts, as that of the same plaintiff against the State Insurance Company, which lately underwent so much discussion in this court, except in relation to a billiard table, which was expressly excluded from the general condemnation pronounced against the rest of the cargo.

The policy of insurance contains an exception, "warranted free from any charge, damage or loss, which may arise in consequence of engaging, or having been engaged, in illicit trade."

The defendants contend, that the seizure of this part of the cargo was caused by the plaintiff being engaged in an illicit trade, in respect to other portions of it; and that they are protected by the warranty, already stated.

The insertion of this clause of warranty, is comparatively of modern date in policies of insurance, and the decision of courts in relation to it, are, as yet, neither very numerous, nor satisfactory. By some it has been held, that

EasternDisct.
*May,* 1827.

CUCULLU
*vs.*
ORLEANS
INSURANCE
COMPANY.

the insurers are liable under this exception for a loss by seizure, under a pretence of illicit trade—when, in fact, no such trade has been carried on, or attempted.    By others, that the insurers are not responsible for seizure, when the goods are afterwards acquitted.—See 13 *Johnson's Rep.* 161. 11 *Mass.* 107.    *Marshall*, 346. *Phillips on Ins.* 293, 294, 295.

If the whole cargo had been illegally seized without sufficient cause, and afterwards released, we should have been clear the assured might recover under the clause in the policy, by which they were protected against the arrests and detainments of foreign governments.    The warranty under any fair view of its meaning, or the intention of the parties, cannot be construed to extend further than to pro'ect the assurers against illicit trade actually carried on, or attempted; not against arbitrary arrests, made on a pretence that there was illicit trade, when, in truth, no such thing existed.    The language used, repels any such construction.    It warrants against illicit trade; not against what others, for their own convenience or interest, might choose to denominate such, when they ma:e the seizure.    If the intention of the parties had been to exclude

irregular detainments from the risk, we can- EasternDis'ct May. 1827.
not suppose they would have expressed this
idea by using the words, " engaging or being CUCULLU vs. ORLEANS INSURANCE COMPANY.
engaged in illicit trade;" for these expressions
suppose the fact to exist, and the interpreta-
tion for which the assurers contend would
discharge them, whether that fact existed or
not. We see nothing in the reason of the
thing; and we know of no rule of construc-
tion, which would authorise such a latitude to
be taken, in opposition to the plain language
used in the contract.

The doubt with us has been, whether this
principle can be applied where part of
the cargo is illegally, and part rightfully,
seized. Opposed to it is the argument of the
defendants, that the loss occurred in conse-
quence of the plaintiff's being engaged in an
illicit trade. Still we are unable to see any
satisfactory reason by which the cases can be
distinguished. The loss warranted against,
was that which should result from a violation
of the laws of the country where the good[s]
were to be carried : not against illegal arrest
or detention. Nothing has been shewn in the
laws of Mexico, which authorises a seizure of
a lawful portion of a cargo, because other

EasternDis'ct
May 1827.

Cucullu
vs:
Orleans
Insurance
Company.

parts of it are unlawful. The sentence of acquittal, negatives the idea that any such exist; and is, in fact, an acknowledgment that the seizure was improperly made—it being a perfectly well settled principle, that a decree of restitution is conclusive evidence of a tortious seizure. The possession, therefore, which the officers of the customs took of the goods, can be considered in no other light, but as an act of illegal arrest and detention; and of such acts we are clear, the clause of warranty did n t throw the risk on the assured —*Curia Phillip. Lib.* 3. *cap.* 10. *Pena de comiso, No.* 3. 13 *John.* 141. 2 *Wheaton,* 1. 3 *Ibid.* 312. 320.

The former judgment of the court, therefore, must be so modified as to enable the plaintiff to recover the amount of the property already mentioned : nd it is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendants, the sum of four hundred and eighty-two dollars, with costs in both courts.

*Strawbridge* for the plaintiff, *Eustis* for the defendants.